**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

United States of America,

     Plaintiff,

v.

Jhovanny Ortiz-Morales,

     Defendant.

**CR 23-00332-PHX-JGZ(EJM)**

**REPORT AND RECOMMENDATION**

Pending before the Court is a petition alleging that the defendant, Jhovanny Ortiz-Morales, violated the conditions of supervised release by (1) committing a new criminal offense, Attempted Re-Entry of the Removed Alien, in violation of 8 U.S.C. § 1326; and (2) entering the United States without legal authorization on or about July 18, 2023. (Doc. 37.)[1]  The supervised release petition alleges that the defendant was sentenced on July 10, 2023, on a Re-entry of Removed Alien Offense in Case No. 23-CR-00332-001-PHX-GMS.  His sentence was time-served and a one-year term of supervised release which began on the day of his sentencing.

The defendant was charged in a criminal complaint dated July 19, 2023, Case No. MJ 23-07479-TUC-EJM, with the offense of Attempted Re-entry of a Removed Alien, 8 U.S.C. §§ 1326(a) & (b)(1).  (Doc. 1.)  The complaint alleges that the defendant is a

---

[1] The supervised release petition alleges that the defendant committed the offense of Re-entry After Deportation.  However, the petition incorporates the criminal complaint described below which charges with the defendant with Attempted Re-entry of Removed Alien.

citizen of Mexico who had been previously removed from the United States on July 11, 2023, and attempted to enter the United States on July 18, 2023, by falsely claiming to be a United States citizen.  On July 26, 2023, a federal grand jury sitting in Tucson, Arizona returned an Indictment, Case No. CR 23-01083-TUC-JGZ (EJM), charging the defendant with Attempted Re-entry of Removed Alien, in violation of 8 U.S.C. §§ 1326(a) & (b)(1), (Doc. 9.)  On July 19, 2024, the defendant was found guilty of this offense after a bench trial.  (Doc. 56.)

This Court held an evidentiary hearing on the alleged supervised release violations on August 8, 2024.  No witnesses were called to testify.  The government moved to admit the transcript of the defendant's sentencing on July 10, 2023, and asked the Court to take judicial notice of the guilty verdict rendered after the bench trial.  The defense did not object to the admission of the sentencing transcript or the request for judicial notice.  As a result, the Court admitted the sentencing transcript and will take judicial notice of the guilty verdict.

The July 10, 2023, sentencing transcript reflects that District Judge Snow imposed a time-served sentence, placed the defendant on supervised release for one-year, and explained to the defendant the two supervised release conditions at issue.  With respect to the supervised release conditions, Judge Snow advised the defendant that he "shall not commit another federal, state or local crime during the term of [his] supervision," and that "[i]f you are deported, you must not re-enter the United States without legal authorization."  Sentencing Hr'g Tr. at 10, *United States v. Ortiz-Morales*, No. CR-23-00332-PHX-GMS, (D. Ariz. July 10, 2023), ECF No. 60.   The defendant told Judge Snow that he understood his sentence.  (*Id.* at 11.)

The sentencing transcript establishes by a preponderance of the evidence that the defendant was sentenced on July 10, 2023, to time-served; a one-year term of supervised release was imposed which began on the day of the sentencing; the supervised release conditions at issue were imposed; and that the defendant understood these conditions. The guilty verdict in the Attempted Re-entry of Removed Alien case establishes by a

preponderance of the evidence that the defendant committed a new criminal offense on July 18, 2023; entered the United States without legal authorization on the same date; and was still on a term of supervised released when he committed both violations.

For these reasons, the Court **RECOMMENDS** that the District Judge conclude that the defendant violated his conditions of supervised release.

Pursuant to 28 U.S.C. § 636(b) and Rule 59(b)(2) of the Federal Rules of Criminal Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  No reply shall be filed unless leave is granted from the District Court.  If objections are filed, the parties should use the following case number: **CR-23-00332-PHX-JGZ**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge in accordance with Fed. R. Crim. P. 59 may result in waiver of the right of review.

Dated this 14th day of August, 2024.

Eric J. Markovich
United States Magistrate Judge

- 3 -